Memo

FILED IN OPEN COURT
ON 7-6-98
David W. Daniel, Clerk
U. S. District Court
Eastern District of N. C.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:98-CR-12-1H

UNITED STATES OF AMERICA :
:
v. : MEMORANDUM OF PLEA AGREEMENT
:
LEO ALFRED DESROSIERS, :
Defendant. :

The United States of America ("Government"), by and through the United States Attorney for the Eastern District of North Carolina ("USA-EDNC"), and the Defendant, with the concurrence of the Defendant's attorney, Joseph L. Ross, have agreed that the above-captioned case should be concluded in accordance with this Memorandum of Plea Agreement as follows:

1. This Memorandum constitutes the full and complete record of the plea agreement. There are no other terms of this agreement in addition to or different from the terms herein.

2. The Defendant agrees:

a. To plead guilty to Count One of the indictment herein.

b. To make restitution as the court may order.

c. To waive knowingly and expressly all rights, conferred by 18 U.S.C. 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of

Cys clk Att



15

the Guideline range, reserving only the right to appeal from a sentence of imprisonment for a period greater than 87 months, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. 2255, excepting the Defendant's right to appeal based upon grounds of ineffective assistance of counsel and prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The Defendant acknowledges that the number of months specified above is an estimate from information known at present. It is not a promise and is <u>not</u> binding on the Court. The Defendant agrees that should the sentence imposed exceed 87 months, this would not affect the validity of the guilty plea, but merely would allow the Defendant to appeal the Guideline range.

d. To testify, whenever called upon to do so by the Government, fully and truthfully in any proceeding, and to disclose fully and truthfully in interviews with Government

JUL 02 '98 09:21AM JLC MCAS CHERRY PT 919 466 3540 P.3

agents, concerning all conduct relevant to the counts and any other crimes of which the Defendant has knowledge. These obligations are continuing ones. The Defendant agrees that all of these statements can be used against the Defendant at trial if the Defendant is allowed to withdraw the guilty plea.

e. If the Defendant gives false, incomplete, or misleading information or testimony, this would constitute a breach of this Agreement by the Defendant, and the Defendant shall be subject to prosecution for any federal criminal violation. Any information provided by the Defendant may be used against the Defendant in such a prosecution.

f. To submit to a polygraph examination whenever requested by the Office of the USA-EDNC. The results of these examinations will be admissible <u>only</u> at the Defendant's sentencing, and the Government may rely on these results in determining whether the Defendant has fulfilled any obligation under this agreement.

g. To complete and submit, if requested, a financial statement under oath provided by the Office of the USA-EDNC no later than two weeks after the entry of the guilty plea.

3. The Defendant understands:

a. That Count One of the indictment charges the Defendant with aggravated sexual abuse, in violation of 18 U.S.C. 2241 (1986).

b. That the maximum penalty which could be imposed upon a plea of guilty to:

Count One is a fine of $250,000, or imprisonment for any term of years or life, or both such fine and imprisonment, plus a term of supervised release of 5 years.

c. That the elements of the offense to which the Defendant is pleading guilty are:

<u>First</u>: That the offense took place within the special maritime and territorial jurisdiction of the United States;

<u>Second</u>: That the defendant knowingly engaged in a sexual act with another person;

<u>Third</u>: That the defendant did so with the intent to abuse, humiliate, harass, degrade or arouse or gratify his sexual desire.

d. That sentencing will be in accordance with the United States Sentencing Guidelines, and that any sentence imposed will be without parole.

e. That the Court is not bound by any sentence

recommendation or agreement as to Guideline application, that the sentence has not yet been determined by the Court, that any estimate of the sentence received from any source is a prediction not a promise, and that even if a sentence up to the statutory maximum is imposed, the Defendant may not withdraw the plea of guilty.

f. That, unless Defendant is found unable to pay, the Court will impose a fine, and failure to pay it will subject Defendant to additional criminal and civil penalties pursuant to 18 U.S.C. 3611-14.

g. The Defendant understands that the court will impose a special assessment of $100, pursuant to the provisions of 18 U.S.C. 3013. The assessment shall be paid by the defendant prior to the return of the signed Plea Agreement to the United States Attorney's Office. The Defendant and Defendant's counsel shall mail a check in payment of the said assessment directly to the U. S. Court Fine Center. Counsel shall provide a copy of the check with the signed plea agreement to

the United States Attorney certifying compliance with this provision.

4. The Government agrees:

a. At sentencing, it will dismiss Count Two of the indictment.

b. That it reserves the right at sentencing to present any evidence and information pursuant to 18 U.S.C. 3661, to offer argument orrebuttal, to recommend imposition of restitution, and to respond to any motions filed by the Defendant.

d. That it will make known to the Court at sentencing the full extent of the Defendant's cooperation, but the Government is not promising to move for departure pursuant to 18 U.S.C. 3553(e) or U.S.S.G. 5K1.1.

e. That the USA-EDNC will not further prosecute the Defendant for conduct constituting the basis for the counts; however, this obligation is limited solely to the USA-EDNC and does not bind any other state or federal prosecuting entities.

f. That the USA-EDNC agrees not to share any information provided by the Defendant

pursuant to this Agreement with other state or federal prosecuting entities except upon their agreement to be bound by the terms of this agreement.

5. The parties agree to the following positions as to sentencing factors, which are not binding on the Court; provided that if Defendant's conduct prior to sentencing changes the circumstances with respect to any such factors, the Government is no longer bound to its position as to those factors:

a. A downward adjustment of 3 levels for acceptance of responsibility is warranted under U.S.S.G. 3E1.1.

This the 6th day of July, 1998.

JANICE McKENZIE COLE
United States Attorney

BY: ______________________
LUIS R. MARTINEZ
Special Asst. U.S. Attorney
Criminal Division

______________________
Defendant

______________________
Attorney for the Defendant

APPROVED, this 6 day of July, 1998.

______________________
UNITED STATES DISTRICT JUDGE

I certify the foregoing to be a true and correct copy of the original.
Fred L. Borch III, Clerk
United States District Court
Eastern District of North Carolina

By ______________________
Deputy Clerk